IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN PARKER, :
:
      Petitioner :
:
   v. : CIVIL NO. 3:CV-15-1966
:
BRENDA TRITT, : (Judge Conaboy)
:
      Respondent :
_____

## MEMORANDUM
### Background

    Shawn Parker, an inmate at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville) filed this pro se petition for writ of habeas corpus. Service of the petition and supporting memorandum were previously ordered.

    Parker was convicted of possession with intent to deliver a controlled substance in the Court of Common Pleas of Berks County, Pennsylvania. On July 25, 2008, Petitioner was sentenced to a two (2) year, (3) month to ten (10) year of confinement as a result of that conviction. Petitioner indicates that he did not pursue a direct appeal.

    On February 9, 2011, Parker was granted parole by the Pennsylvania Board of Probation and Parole (Parole Board). By decision dated October 14, 2011, the Parole Board recommitted Parker as a technical parole violator for violating a condition of his parole. Specifically, it was determined that Petitioner had failed to successfully complete the ADAPPT program.

1

By decision dated March 23, 2013 Petitioner was denied reparole based upon multiple factors. See Doc. 6-1, p. 11. Specifically, the Parole Board cited the following grounds: a risks and needs assessment found that Parker posed a risk to the community if released; a negative recommendation by the Department of Corrections (DOC); the inmate's prior unsatisfactory parole supervision history; Parker's failure to demonstrate motivation for success; and the prisoner's refusal to accept responsibility for his crime.

An April 12, 2013 Parole Board decision denied Petitioner's second reparole application. See id. at p. 14. This unfavorable determination again noted Parker's poor parole supervision history; minimization of his criminal conduct, and that a risk and needs assessment determined that he pose a risk to the community. On March 9, 2015, Parker was denied reparole for a third time. See id. at p. 17. This denial noted Petitioner's poor parole supervision history, failure to demonstrate motivation for success, and an unfavorable risk and needs assessment, factors which were cited in Parker's two prior reparole denials.

Parker's pending petition challenges the legality of denial of his request for parole. He contends that the adverse parole decisions were retaliatory and violated his right to due process because the reasons stated by the Parole Board were arbitrary and capricious.

2

## **Discussion**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

**Due Process**

Respondent argues that there is no basis for federal habeas corpus relief because Parker does not have a liberty interest in parole and was not denied reparole because of any arbitrary or constitutionally impermissible reasons. See Doc. 6, p. 6.

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Likewise, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993); Thorpe v. Grillo, 80 Fed. Appx. 215 (3d Cir. 2003)(because there is no constitutional right to parole, any substantive due process claim is foreclosed); Perry v. Vaughn, 2005 WL 736633 at *10 (E.D. Pa. March 31, 2005).

However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give
> rise to a liberty interest in parole
> release under Greenholtz, once a state
> institutes a parole system all prisoners
> have a liberty interest flowing directly
> from the due process clause in not being
> denied parole for arbitrary or
> constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

There is no allegation that Parker was denied parole on the basis of his race, religion, or ethnicity. As previously discussed, there is a claim that the Parole Board applied inappropriate criteria in rendering its decision to deny parole.

The latest adverse reparole decision challenged herein stated that Parker, who has had a prior failure when afforded parole, had been interviewed and a review of his file had taken place. See Doc. 6-1, p.17. Based upon a review of the undisputed record, Petitioner clearly had a failed prior parole release. As such, the Parole Board clearly did not abuse its

4

discretion by concluding that Petitioner had a prior unsuccessful parole supervision history. Moreover, the prior failed parole release was an appropriate and relevant factor to be considered by the Parole Board in assessing Petitioner's suitability for release.

The Parole Board added that a risk and needs assessment regarding the Petitioner indicated that he would pose a threat to the community if released. Once again such reports/assessments were a proper source of information to be considered by the Parole Board in reaching its decision. Likewise, an unfavorable recommendation by the DOC was also a relevant and appropriate report to be relief upon in making a parole eligibility determination.

The parole decision rendered in Detweiler's case was simply not premised upon the type of frivolous criteria which would warrant relief under Block. This is not a case where reparole was denied solely based upon arbitrary and capricious grouinds. Rather, the Parole Board's March, 2015 decision specifically enumerated legitimate reasons for denying parole, notably a failed prior parole release and reports/assessments indicating that he posed a threat to the community if released. As previously discussed, federal courts are not authorized to second guess Parole Board determinations but rather habeas corpus relief is limited to those situations where the Parole Board has engaged in conscience shocking decision making which is arbitrary and capricious. See Hunterson v. DiSabato, 306 F. 3d 236, 246-7 (3d Cir. 2002).

In the present case the Parole Board simply did not rely on any factors which could be described as conscience shocking. The factors cited by the March 2015 adverse parole decision were relevant and appropriate. Accordingly, the Parole Board's decision did not violate Petitioner's constitutional due process protections.

**Retaliation**

Petitioner also raises a claim that he was subjected to a retaliatory denial of reparole.

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privilege he was denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a constitutional right).

In Rauser v. Horn, 241 F.3d 330, 333 (2001), the Third Circuit held that a prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. If the prisoner satisfies that requirement he must then show he suffered some "adverse action" at the hands of prison officials. Id. Allah defined adverse action as being "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah, 229 F.3d at 225.

Next, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him. Under <u>Rauser</u>, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. <u>Id</u>. at 334.

Based on those factors, it is clear that Plaintiff has not presented any facts which could establish that his exercise of a constitutionally protected right was a substantial or motivating factor behind the alleged retaliatory denial of reparole as required by <u>Rauser</u>. Plaintiff has not sufficiently alleged facts which could support a claim that the decision to deny his request for reparole was retaliatory.

## **Conclusion**

There is simply no foundation to support a conclusion that the decision to deny parole was based on constitutionally impermissible reasons. Since Parker's claims regarding the denial of his reparole application by the Parole Board do not rise to the level of a constitutional violation, his petition is subject to dismissal. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: MAY 15, 2018